[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 256
The parties are at odds over the taxation of costs against the plaintiff Geri Hainsworth, whose appeal from a decision of the ZBA was dismissed (Fuller, J.). The plaintiff contends that absent specific authority, the assessment of costs by a prevailing defendant in an administrative appeal is not allowed. The defendant, at oral argument, contends that no specific authority is necessary, but the defendant has filed no memorandum of law nor cited any authority in support of its position.
In fact, administrative appeals are civil actions. Conn. Gen. Stat. Sec. 8-8(p), concerning the right of a person to appeal a decision of a board to the superior court, provides that the appeal:
 shall be considered to be a civil action and, except as otherwise required by this section or the rules of the superior court, pleadings may be filed, amended or corrected, and parties may be summoned, substituted or otherwise joined, as provided by the general statutes.
"Board" is defined in 8-8(a)(2) as "a municipal zoning commission, planning commission, combined planning and zoning commission, zoning board of appeals or other board or commission the decision of which may be appealed pursuant to this section."
Moreover, in this case, the plaintiff has filed a bond with a surety obligating her "to pay all costs in the case, if [s]he fails to sustain such appeal. . .". Bond, dated October 28, 1992. The requirement for such a bond in administrative appeals is so that, in just such an instance as this, the plaintiff may be made to account for the costs of the defendant if the plaintiff's case is unsuccessful. See, Brunswick v. Inland Wetlands Commission,222 Conn. 541 (1992).
The plaintiff has not contested the amount of the costs sought to be taxed, only the authority of the court to tax them. There is no question that the court has such authority. Accordingly, the objection of the plaintiff is overruled, and the defendant's Motion to Accept Bill of Costs is granted. CT Page 257
PATTY JENKINS PITTMAN, JUDGE